Gabriel GUERRA–VALENZUELA,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72893.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed Sept. 11, 2007.

Berc Agopoglu, Esq., Law Offices of Berc & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Bryan S. Beier, Esq., M. Jocelyn Lopez Wright, Esq., Jennifer L. Lightbody, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Gabriel Guerra–Valenzuela petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding that he is removable and ineligible for cancellation of removal based on his conviction under California Health & Safety Code § 11366.5(a). We grant the petition and remand for proceedings consistent with our disposition.

Under § 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a), a legal permanent resident is eligible for cancellation of removal if he or she "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." The IJ found that Guerra–Valenzuela satisfied the first two prerequisites, but was ineligible for cancellation of removal because he had been convicted of an aggravated felony—"illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). The IJ stated that Guerra–Valenzuela had "proved that he is an individual who deserves a favorable exercise of discretion by this Court." The IJ further stated that were a higher court to conclude that Guerra–Valenzuela's conviction was not for an aggravated felony, he had "no question in [his] mind that [the petitioner] deserves another opportunity as a matter of discretion."

Guerra–Valenzuela's conviction under California Health & Safety Code § 11366.5(a) does not categorically constitute an aggravated felony involving a "controlled substance (*as defined in section 802 of Title 21* [Section 102 of the Controlled Substances Act ("CSA")])." 8 U.S.C. § 1101(a)(43)(B) (emphasis added). Because the statute of conviction does not identify any particular controlled substance, it could involve one of the "numerous substances" that the California code regulates but "that are not similarly regulated by the CSA." *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007).

Nor does the limited analysis of the record permitted under the modified cate-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gorical approach establish that Guerra–Valenzuela has been convicted of an aggravated felony involving illicit trafficking in a controlled substance. Although Guerra–Valenzuela was charged with possession of marijuana, he pled no contest to a different offense involving an unidentified substance. Because Guerra–Valenzuela "pleaded ... to an offense different from the one charged" we cannot "connect the references to [marijuana] in the charging document with the conviction" and are "left only to speculate as to the nature of the substance" involved. *Id.* at 1079. Such speculation is insufficient to prove that "the particular substance" underlying Guerra–Valenzuela's conviction "is a controlled substance as defined in section 102 of the Controlled Substances Act." *Id.*

The Government's argument that Guerra–Valenzuela must factually prove that the substance involved in his conviction is not regulated by the CSA, in order to discharge his burden of proving eligibility for cancellation of removal, is unavailing. The alien's burden of proof is irrelevant to our inquiry under the categorical approach, which focuses on statutory construction and, if necessary, a limited review of the record of conviction. *See Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005).

We also reject the Government's contention that we should connect the reference to marijuana in Guerra–Valenzuela's alleged admission that he "was convicted for possession of marijuana," recorded in his I–213 form, to his actual conviction under § 11366.5(a), a non-possession offense. Guerra–Valenzuela's alleged admission to an offense of which he was not demonstrably convicted does not establish the elements of his conviction any more than a document charging one offense proves the elements of a plea to another offense. *See Ruiz–Vidal,* 473 F.3d at 1079.

Finally, even were we to credit Guerra–Valenzuela's factually erroneous admission, it would not establish his ineligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3) (ineligibility for cancellation of removal triggered only by a *conviction* ); *see also Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 630, 633, 166 L.Ed.2d 462 (2006) (holding that simple possession of marijuana is not an aggravated felony).

Petition GRANTED and REMANDED.